## WHITE v. OREGON SHORT LINE R. CO.

No. 6027.   Decided March 28, 1939.   (88 P. 2d 546.)

George H. Smith, R. B. Porter, and W. Hal Farr, all of Salt Lake City, for appellant.

H. G. Metos, of Salt Lake City, for respondent.

WOLFE, Justice.

Appeal from a judgment against defendant railroad company for damages because of the alleged wrongful discharge of plaintiff by defendant. The plaintiff had been in the employ of this defendant at various times over a period of several years as yardman or switchman. He last entered the employ on September 4, 1932. On November 3, 1932, he was removed from service, the reason assigned being

that he had failed to join the Brotherhood of Railroad Trainmen within sixty days of his employment on September 4th.

At all times after plaintiff began work for defendant on August 18, 1923, there was in effect an agreement known as a Schedule between the Brotherhood of Railroad Trainmen, hereinafter called the B of R T, and defendant. This schedule up to October 16, 1931, provided that "when B R T men are not available and new men are employed they will be given sixty days in which to become members." Art. XIV, Sec. 66 of Schedule. Plaintiff contends that since he was not a new man but had formerly belonged to the B R T during his employment with defendant, he was not required to join, citing instances where men who once belonged to the B of R T were still retained in the defendant's employ although their membership in the lodge had ceased. Defendant contended that on October 16, 1931, Section 66 was amended so as to read: "Reemployed men will be required to comply with the provisions of yard schedule, Rule 66 as to membership in the B of R T the same as new men," etc. Plaintiff claimed the schedule was not so amended because the proper procedure to make the amendment had not been complied with. We think that so far as plaintiff was concerned the purported amendment was binding on him. If it was accepted as an amendment by the parties to the schedule, he, as a claimed beneficiary of that contract could not question the procedure by which the amendment was made, granted it was not passed according to the procedure provided in the Schedule for amending the schedule. We are not required to determine whether or not the amendment was de jure. Hence, we accept as one of the facts of this case that the schedule at the time plaintiff was reemployed, to wit, on September 4, 1932, provided that old men reemployed, not at the time members of the B of R T, were required to join within sixty days after reemployment. There was no doubt that plaintiff knew of this provision. On October 23d he put in his application to

join and on November 17th after he was discharged his application was rejected. On his discharge on November 3, 1932, the certificate of service given him recited, "Removed from service at request of B of R T by reason of Article XIV of Yardmen's Schedule." Article XIV consists only of Sec. 66, part of which was above quoted as amended. The defendant does not deny that the reason for plaintiff's removal from service was because he did not obtain membership in the B of R T.

Plaintiff claims that Rule 46, Art. VIII of the schedule entitled him to a hearing before removal. The relevant part of Rule 46 reads as follows:

"No yardman will be suspended or dismissed without first having a fair and impartial hearing and his *guilt established.*" (Italics added.)

Plaintiff filed objection to his discharge without a hearing within thirty days thereafter as required by Rule 46.

The points of defendant are (1) that plaintiff cannot take advantage of the schedule or maintain an action on it because he was not a member of the B of R T and therefore not one of the class for whose benefit it was made; (2) that even if the schedule can be considered as being made for his benefit, it was not contemplated by Rule 46 that there should be an investigation where a discharge was because of a failure to join the B of R T as required by Rule 66 and that, therefore, no right of plaintiff in that regard has been infringed; (3) a corollary from point 2 that since no investigation was contemplated the defendant was under the schedule not only justified but required to remove plaintiff from the service—that his continued employment was conditioned on his obtaining membership within sixty days after hiring; (4) that the proof shows that plaintiff was attempting to join the B of R T, the very organization whose contract he was claiming the benefit of, for the purpose of undermining it and that, therefore, in any case his discharge was justi-

fied. We consider these points, so far as necessary, in this order.

Without deciding, we shall assume for the purposes of this case that the Schedule established rules of conduct binding on both the employee and employer after the relationship arose, both before and after the sixty-day period. We may assume that the railroad had promulgated these rules to govern the relationship between it and its trainmen, regardless of whether they were union members or not. *Yazoo & M. V. R. Co.* v. *Sideboard,* 161 Miss. 4, 133 So. 669; *Yazoo & M. V. R. Co.* v. *Webb,* 5 Cir., 64 F. 2d 902. Without deciding whether the Schedule was for the benefit of all the employees belonging to the class to which the Schedule pertained, regardless of whether members of the B of R T or not, we shall assume for the purposes of this case that it was for their benefit and therefore that the plaintiff in a proper case could have had the benefit of Rule 46.

Does Rule 46 apply to a situation such as this case presents? The point gave the trial judge difficulty not without reason. The phrase "and his guilt established" appears to fit situations which involve a delicti, insubordination, infraction of a rule, negligence, or misdoing and not the case where one fails to do something required because of the impossibility of performance. Rule 46 implies situations where guilt or guiltlessness can be an issue. In this case there could be no such issue. The simple issue was whether the plaintiff had joined the B of R T or not. Such issue did not partake of the quality of guilt or guiltlessness, but only of whether or not an act required to be performed had been performed. The defendant had no concern as to what prevented plaintiff from joining the B of R T. It was, under the Schedule (not by express words but by implication), the railroad's duty to remove the plaintiff from service if he had not joined the lodge within sixty days after his employment. Or conceived of in another way, the plaintiff was employed subject to the termination of such employment by fulfillment of the condition subsequent

that he failed at the end of sixty days to become a member of the B of R T.

Coming to the conclusion that Rule 46 has nothing to do with the situation presented in this case and that the railroad had the duty under the Schedule to discharge plaintiff, it is unnecessary to consider the final point above set out.

The judgment of the trial court is reversed and the case remanded with instructions to dismiss the action. Costs to appellant.

MOFFAT, C. J., and LARSON, McDONOUGH, and PRATT, JJ., concur.